IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TABEUS D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-208-MHT-SRW |
| | ) | [WO] |
| CHILTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.    INTRODUCTION

Plaintiff Tabeus Robinson, an inmate incarcerated at the Chilton County Jail in Clanton, Alabama, brings this *pro se* 42 U.S.C. § 1983 action against the Chilton County Jail and nurses; Chilton County, Alabama; and the following cities in Chilton County— Clanton, Jemison, Maplesville, and Thorsby. Robinson complains about death threats against him and his family, food tampering, improper administration of medication, and conditions of confinement. For relief, Robinson requests "legal action & protection for my love one & me."

Upon review, the Court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.    STANDARD OF REVIEW

Because the Court granted Robinson leave to proceed in forma pauperis (*see* Doc. 3), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), or any portion of the complaint (*see* 28 U.S.C. § 1915A(b)), for failure to state a claim upon which relief may be granted.  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the

2

Case 2:22-cv-00208-MHT-CWB   Document 4   Filed 05/12/22   Page 3 of 5

absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## III.   DISCUSSION

Robinson's complaint asserts the following: (1) every night city and county officers and inmates threaten to kill him and his family; (2) every day he is given the wrong medication and inmates receive his VA medicine; (3) he submitted a sick call request about his eyes because bed bugs are put in his blanket, clothes, and food; (4) bed bugs run in and out of his eyes and body; and (4) money is taken from his inmate account for treatment he has not received "to say [he] killed [him]self for [his] medical condition." Doc. 1 at 3.

A complaint under 42 U.S.C. § 1983 focuses on two essential elements: (1) whether a person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 535 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327 (1986). After carefully reviewing Robinson's Complaint, the undersigned finds the grounds presented by him present no comprehensible or logical set of facts to support any claim for relief under § 1983.  Rather, the claims presented by Robinson are, on their face, irrational

and do not state a plausible claim for relief; they include assertions about death threats to himself and his family by the "city jail system"; bed bugs put in his blanket, clothes, and food; bed bugs running in and out of his eyes; and his medication's being given to other inmates. To the extent that any factual contentions by Robinson are identifiable, they lack an arguable basis either in law or fact, and do not state an intelligible cause of action concerning a violation of his constitutional rights. The complaint is therefore due to be dismissed under 28 U.S.C. §1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke*, 490 U.S. 327.

## IV.    CONCLUSION

For the above-stated reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is ORDERED that **by May 26, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982);

*see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 12th day of May, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge