IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TABEUS D. ROBINSON,           ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | CIVIL ACTION NO. |
|     v.                       ) | 2:22cv208-MHT |
|                              ) | (WO) |
| CHILTON COUNTY JAIL,         ) | |
| et al.,                      ) | |
|                              ) | |
|     Defendants.              ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a pro se jail inmate, filed this lawsuit complaining about receiving repeated death threats from officers and inmates, receiving the wrong medication daily, other inmates receiving the medication prescribed to him by the Veterans Administration, having bedbugs in his blanket, clothes, and food, having bedbugs run in and out of his eyes and body, and having money taken out of his inmate account for treatment he has not received, so that the jail can say that he killed himself due to his medical condition, or something along those lines.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).  There are no objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal of the complaint.  However, the case will be dismissed without prejudice pursuant to the court's inherent power to control its docket, see *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), rather than pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The complaint, needless to say, is not a model of clarity or good pleading, and may very well be the product of an unwell mind.  However, the allegations about being threatened with violence by other inmates and/or correctional officers, not receiving his prescribed medication, and rampant exposure to bedbugs,

construed liberally, are the type of facts that could undergird a jail-conditions claim. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of such a complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers....'").  As plaintiff is pro se and has not yet had the opportunity to replead, the court, out of an abundance of caution, will dismiss the complaint without prejudice, so that he can have that opportunity should he seek it.

DONE, this the 22nd day of July, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**